IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                            RESPONDENT

v.                              No. 6:12-cr-60019
                                No. 6:13-cv-06086

CUAUTHEMOC SANCHEZ-LOPEZ                                                                MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed herein by Cuauthemoc Sanchez-Lopez (hereinafter referred to as "Movant"), an inmate confined in the Yazoo City Medium Federal Correctional Institution in Yazoo City, Mississippi. ECF No. 30.

The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 33. Movant has replied. ECF No. 34. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 30) be **DENIED**.

1.      **Procedural Background**:

On August 22, 2012, Movant was named in a one-count Indictment filed in the United States District Court for the Western District of Arkansas. ECF No. 6. Specifically, Movant was charged with unlawful re-entry after being convicted of aggravated felony, Burglary of a Habitation, 1st Degree in District Court for Denton County, Texas. *Id.* This alleged re-entry was in violation of 8

U.S.C. §§ 1326(a) & (b)(2).  *Id.*  Movant appeared for an arraignment on September 5, 2012.  ECF No. 9.  Mr. Morse Gist was appointed as his counsel.  *Id.*  Movant entered a not guilty plea as to Count One of the Indictment.  *Id.*  A jury trial was scheduled for October 5, 2012 but was later continued to December 4, 2012.  ECF Nos. 9, 13.

On November 30, 2012, Movant appeared with counsel before U.S. District Judge Susan O. Hickey and entered a plea of guilty to Count One of the Indictment.  ECF No. 19.  On the same date, Movant and the Government entered into a Plea Agreement and submitted it to the Court.  ECF No. 16.  The Plea Agreement contained a stipulation that Movant was in the United States illegally, was a citizen and native of Mexico, had previously been convicted of Burglary of a Habitation, and had previously been deported and not obtained permission from the U.S. Government to re-enter the United States.  *Id.* ¶ 2.

The Plea Agreement also set out the statutory sentencing range as a maximum term of imprisonment of 20 years; a maximum fine of $250,000; a term of supervised release for not more than three (3) years beginning after release from prison; a possibility of going back to prison if Movant violated a condition of supervised release; and a special assessment of $100.00.  ECF No. 16  ¶ 8.  The Plea Agreement specifically notified Movant that the United States Sentencing Guidelines ("U.S.S.G.") were advisory rather than mandatory and that there was no promise of any specific sentence being imposed.  ECF No. 16 ¶¶ 11-12.  Finally, the Plea Agreement notified Movant that the Government would be able to introduce evidence of any relevant information at sentencing, and the Court would be "permitted to consider" any such evidence.  ECF No. 16 ¶ 13.

Following the change of plea, Judge Hickey ordered the U.S. Probation Office to prepare a Pre-Sentence Report ("PSR") prior to sentencing.  Sentencing was set for March 7, 2013 and was

later continued to March 15, 2013.  The U.S. Probation Office prepared a PSR.  The PSR found Movant's base offense level to be 8 pursuant to U.S.S.G. § 2L1.2.  ECF No. 35 ¶ 11.  The PSR increased his base offense level by 16 levels for being previously convicted of Burglary of a Habitation.  *Id.* ¶ 12.  Movant received a 3 level reduction for acceptance of responsibility, which resulted in a total offense level of 21.  *Id.* ¶ 21.  The PSR calculated Movant's criminal history category as IV.  *Id.* ¶ 31.  This resulted in a U.S.S.G. range of 57-71 months imprisonment.  *Id.* ¶ 50.

On March 15, 2013, Movant appeared before Judge Hickey for sentencing.  ECF No. 19.  During the sentencing, Judge Hickey confirmed Movant was satisfied with counsel and determined he had opportunity to read and discuss the PSR.  *Id.*  After hearing arguments from Movant's counsel, Judge Hickey then granted a variance pursuant to 18 U.S.C. § 3553(a) and sentenced Movant to 36 months in the Bureau of Prisons.  ECF No. 19.

On March 21, 2013, Movant appealed to the U.S. Court of Appeals for the Eighth Circuit.  ECF No. 22.  On July 23, 2013, Movant's appeal was dismissed because his plea agreement contained an appeal waiver.  ECF No. 29.  *See United States v. Sanchez-Lopex,* 511 F. App'x 594 (8th Cir. 2013) ("Upon careful review, the court concludes that Sanchez-Lopez's appeal falls within the scope of the appeal waiver contained in the plea agreement").

**2.      Instant Motion**:

Thereafter, on July 30, 2013, Movant filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  ECF No. 30.  The Court directed a response, and the Government filed its Response on August 27, 2013.  ECF No. 33.

With his Motion, Movant raises two ineffective assistance of counsel claims.  ECF No. 30.  Specifically, he claims his counsel was ineffective for two reasons: (1) his counsel failed to request

application of the early disposition program under U.S.S.G. § 5K3.1; and (2) his counsel failed to challenge the Indictment as being defective pursuant to *Alleyne v. United States,* 133 S. Ct. 2151 (2013). This matter is now ready for decision.

3.  **Discussion**:

Movant requests relief under 28 U.S.C. § 2255. ECF No. 30. A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

As noted above, Movant claims relief is appropriate under 28 U.S.C. § 2255 because his counsel was ineffective in two ways: (1) his counsel failed to request application of the early disposition program under U.S.S.G. § 5K3.1 and (2) his counsel failed to challenge his Indictment as being defective pursuant to *Alleyne v. United States,* 133 S. Ct. 2151 (2013). The Court will address both claims.

    A.    **Ineffective Assistance of Counsel Standard**

As an initial matter, however, the Court will first consider the standard for assessing ineffective assistance of counsel claims. In order to prevail on an ineffective assistance of counsel claim, Movant must show (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).

When considering the first element, there is a "strong presumption that counsel's conduct

falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689(1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003) (citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

In testing the first element of an ineffective assistance of counsel claim, counsel's alleged deficient performance, when a defendant complains that counsel failed to challenge the state's case, "The failure to oppose the prosecution's case must involve the entire proceeding, not just isolated portions." *White*, 341 F.3d at 678. Except in instances where a defendant can show a failure of such magnitude there is typically no basis for finding a denial of effective counsel unless he can show specific errors that "undermined the reliability of the finding of guilt. . ." *Id.*

If the Court finds deficient counsel and thus considers the element of prejudice, Movant must then establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

   **B.   Application of U.S.S.G. § 5K3.1**

Movant claims his counsel was ineffective because he "failed to requests [request] for the application of the Early Disposition Program under § 5K3.1." ECF No. 31 at 1. The Government has responded to this claim. ECF No. 33 at 10-13. In this response, the Government argues such a motion by Movant's counsel seeking a downward departure based upon this provision would have been "futile." *Id.* Accordingly, his counsel was not ineffective for failing to make such a motion. *Id.*

Section 5K3.1 provides as follows: "Upon motion of the Government, the court may depart

downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." Importantly, U.S.S.G. § 5K3.1 only applies "[u]pon motion of the Government." Thus, under its very terms, Movant's counsel was not authorized to make a motion under U.S.S.G. § 5K3.1.

Because Movant's counsel was not authorized to make a such motion under U.S.S.G. § 5K3.1, he was not ineffective for failing to make that motion. *See Thomas v. United States,* 951 F.2d 902, 905 (8th Cir. 1991) ("[c]ounsel's failure to raise . . . meritless issues does not constitute ineffective assistance"). Thus, the Court finds Movant's first ineffective assistance of counsel claim should be dismissed.

### C. Indictment Under *Alleyne*

Movant claims his counsel was ineffective because he failed to object to a deficiency in his Indictment. ECF No. 30 at 4. Specifically, Movant claims his prior conviction for Burglary of Habitation was not included in the Indictment. *Id.* Movant claims that, under *Alleyne v. United States,* 133 S. Ct. 2151 (2013), this prior conviction was required to be included in the Indictment. *Id.*

Upon review, the Court finds Movant's claim is without merit. As an initial matter, despite Movant's claim to the contrary, this prior conviction *was included* in the Indictment, and the Indictment provided as follows: ". . . [Movant] an illegal alien who has been previously removed or deported from the United States on or about the 27th day of September, 1994, after being convicted of an aggravated felony, Burglary of a Habitation, 1st Degree, in the District Court for Dental County, Texas. . . ." ECF No. 6. Thus, because the Indictment did include Movant's prior conviction, his

counsel was not ineffective for failing to raise this issue.

Further, even if this conviction had not been specifically included in the Indictment, Movant would still not be entitled to relief under *Alleyne*. Indeed, *Alleyne* only requires an element of a crime be included in the Indictment. *See Alleyne,* 133 S. Ct. at 2161. According to the U.S. Supreme Court, the prior conviction in an illegal re-entry case is not an element of that crime but is instead a sentencing factor. *See Almendarez-Torres v. U.S.,* 523 U.S. 224 (1998).[1] Accordingly, the Court finds that even if this conviction *had not* been included in the Indictment, Movant's ineffective assistance of counsel claim should still be dismissed.

**4.    Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice.

Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

Finally, I find a certificate of appealability should be **DENIED** because Movant has not made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are**

---

[1] The decision in *Alleyne* (2013) does not alter the holding of *Almendarez-Torres* (1998). *See Alleyne,* 133 S. Ct. at 2160 n.1 ("In *Almendarez-Torres v. United States,* 523 U.S. 224, 118 S. Ct. 1219, 140 L.Ed. 2d 350 (1998), we recognized a narrow exception to this general rule for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today").

**reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **22nd day of August 2014.**

      /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE